*L. Clark*, for defendant.

--- •◦• ---

## Jacobson *v.* Manning *et al.*

A bond or note may be sued, in the manner provided by the practice act, without a declaration. *Rev. Stat.* 476, § 43.

### *Error to Clinton District Court.*

*Opinion by* Williams, C. J. Manning & Weld, merchants, &c., sued Alfred M. Jacobson in the district court of Clinton county on a promissory note, dated Oct. 28th, 1848, for the sum of seven hundred and seventy seven dollars and eighty three cents, payable four months after date. The suit was commenced by petition as provided by statute, which enacts, "That when any person holding a bond, or note for the direct payment of property or money, shall desire to put the same in suit, he may do so by filing the same with the clerk of the district court having jurisdiction thereof, together with a petition purporting as follows:" The statute then proceeds to give the form of the

73.

petition, in which it requires the "substance" of the bond or note to be set forth, and concludes ·by praying "judgment for his debt and damages for the detention of the same together with his costs." *Rev. Stat.* 476, § 43.

The act also provides, that "the said petition shall stand in the place of a declaration, that the defendant or defendants may appear and plead, and then an issue may be joined as in actions of debt on such bond or note." It further provides, that the statute of jeofails, shall apply as in actions of debt heretofore; and that this act shall not prevent persons from suing in the ordinary way. § § 45, 46.

When the cause was called for trial, the defendant having demurred generally to the plaintiff's petition, the demurrer was overruled; whereupon the defendant on leave given, pleaded over. The parties waived a jury, and submitted the cause to the court. A judgment was rendered for the plaintiff, for seven hundred and seventy four dollars and thirty three cents and costs.

A writ of error having been sued out to this court, the cause is here on several assignments of error, only one of which, we deem it necessary to consider, viz:

The court erred in overruling the demurrer of the defendant to the plaintiff's petition.

This proceeding under the statute, is an innovation upon the common law practice. It is peculiar. When adopted by a plaintiff, if he proceed in the manner and form thereby prescribed, he must be sustained by the courts however subversive of the common law the procedure may be. It is undoubtedly, the right of the legislature to provide the mode of judicial procedure and change it partially or entirely, as in their wisdom may be deemed best for the public good. When this is done, it is the duty of courts to expound faithfully, and give effect to the law.

*Oyer* was craved of the note in the court below; and upon the demurrer an objection to the action was raised, because the petition is in debt, and the note filed is a sim--

ple contract by a promissory note; that therefore the action should have been in assumpsit.

A sufficient answer to this is, that the act of the legislature on which the plaintiff has proceeded, has authorized the bringing of the suit in this form on either a bond or a note. It prescribes the form of the petition. The plaintiff has followed it substantially, indeed strictly. With a due regard for the law making power, this court cannot require more of a party, who has elected to avail himself of this mode of suing. It will only be required of a plaintiff, that he shall observe a strict compliance with the requisitions of the statute, as it is an innovation upon the well established practice of the common law.

Judgment affirmed.

*W. E. Leffingwell*, for plaintiff in error.

*E. Cook*, for defendants.